IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CITIZENS INSURANCE COMPANY of AMERICA, a Michigan corporation; and HANOVER INSURANCE COMPANY, a New Hampshire corporation | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Civil Action No.: <br>) |
| THERMOFLEX WAUKEGAN, LLC, an Illinois limited liability company; and GREGORY GAGE, individually and on behalf of all others similarly situated, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiffs Citizens Insurance Company of America ("Citizens") and Hanover Insurance Company ("Hanover"), by and through their counsel of record, and for their Complaint against Defendants Thermoflex Waukegan, LLC ("Thermoflex") and Gregory Gage ("Gage"), state as follows:

**INTRODUCTION**

1. This is an insurance coverage dispute between Citizens and Hanover, on the one hand, and Thermoflex. Citizens issued a Commercial Lines Policy to Thermoflex that contains a General Liability Coverage Part and a Cyber Liability Coverage Part. Hanover issued a Commercial Follow Form Excess and Umbrella Policy to Thermoflex. In this action, Citizens and Hanover seek a declaration that they have no duty to defend or indemnify Thermoflex under the Policies in connection with the underlying putative class action suit captioned *Gregory Gage v. Thermoflex Waukegan, LLC, et al.,* filed in the Circuit Court of Lake County, Illinois, and bearing Case No. 20 CH 00000749.

1

## PARTIES, JURISDICTION AND VENUE

2. Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1).

3. Plaintiff, Citizens, is a corporation organized under the laws of the State of Michigan, with its principal place of business in Worcester, Massachusetts.

4. Plaintiff, Hanover, is a corporation organized under the laws of the State of New Hampshire, with its principal place of business in Worcester, Massachusetts.

5. Defendant, Thermoflex Waukegan, is a limited liability company organized under the laws of the State of Illinois, with its principal place of business in Waukegan, Illinois.

6. Defendant, Gage, is a citizen of the State of Illinois. Gage is joined in this suit as a necessary party defendant.

7. The Gage Lawsuit for which Thermoflex seeks a defense and indemnity is a putative class action. The Citizens Policy has Limits of Liability of $1 million for Personal and Advertising Injury, $1 million in the General Aggregate, and a $50,000 Privacy and Security Liability Limit. The Hanover Policy has Limits of Liability of $11 million Each Claim and $11 million in the Aggregate.

8. Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between Plaintiffs Citizens and Hanover, and Defendants Thermoflex and Gage, and (b) the amount in controversy, including the potential costs of both defending and indemnifying Thermoflex, substantially exceeds $75,000.

9. Venue is appropriate under 28 U.S.C. § 1391 because the making of the insurance contract at issue, which forms the basis of this action occurred in the Northern District of Illinois.

**FACTUAL BACKGROUND**

A. The Policies

10. Citizens issued Commercial Lines Policy No. ZBC H140290 00 to Thermoflex Corporation, effective January 1, 2020 to January 1, 2021 (the "Policy"). Thermoflex Waukegan, LLC is an additional named insured by endorsement to the Policy. A true and correct copy of the Citizens Policy is attached hereto as **Exhibit A**. The Policy contains a Cyber Liability Coverage Part with a $50,000 Privacy and Security Limit of Liability and a $50,000 Maximum Aggregate Limit of Liability, subject to a $50,000 deductible. The Cyber Liability Coverage Part has a 1/1/2020 Retroactive Date. The Policy also contains a General Liability Coverage Part that has a $1 million Personal and Advertising Injury Limit and $2 million General Aggregate Limit.

11. Hanover Insurance Company issued Commercial Follow Form Excess and Umbrella Liability Policy No. UHC H140293 00 to Thermoflex Corporation, effective January 1, 2020 to January 1, 2021 (the "Umbrella Policy"). A true and correct copy of the Umbrella Policy is attached hereto as **Exhibit B**. Thermoflex Waukegan, LLC is an additional named insured by endorsement to the Umbrella Policy. The Umbrella Policy has a $11 million Each Claim Limit and $11 million General Aggregate Limit.

B. The Gage Lawsuit

12. On July 27, 2020, Gregory Gage, individually and on behalf of all others similarly situated, filed a Class Action Complaint against Thermoflex Waukegan, LLC ("Thermoflex") and TempsNow Employment and Placement Services, LLC ("TempsNow") in the Circuit Court of Lake County, Illinois, bearing Case No. 20 CH 00000749 (the "Gage Lawsuit"). A true and correct copy of the Complaint filed in the Gage Lawsuit is attached hereto as **Exhibit C**.

13. The Complaint alleges that Thermoflex is an organization engaged in automotive accessory development and production, and that TempsNow provides staffing services and

temporary employment opportunities for employees at Thermoflex. TempsNow allegedly staffed Gregory Gates at Thermoflex as an Assembly Line Worker during July 2018. According to the Complaint, when TempsNow staffs an employee at Thermoflex, including Gage, he or she is enrolled in each Thermolex's employee database using a scan of his or her handprint to monitor the time worked by its hourly employees. The Complaint further alleges that per Thermoflex's policy, all of its hourly workers, included those staffed by TempsNow, are required to use their handprints to clock-in and clock-out for attendance. Employees staffed by TempsNow allegedly receive their paychecks from TempsNow, and thus Thermoflex transmitted Gage's biometric timekeeping data to TempsNow without Plaintiff's written consent, as required by the Illinois Biometric Information Privacy Act ("BIPA").

14. According to the Complaint, each Thermoflex and TempsNow failed and continue to fail to inform its employees that it discloses or disclosed their handprint data to at least one out-of-state third-party vendor, and likely others. The Complaint further alleges that they violated and continue to violate BIPA because they did not and continue not to: Properly inform Plaintiff and others similarly situated in writing of the specific purpose and length of time for which their handprint data was being collected, stored, and used, as required by BIPA; Receive a written release from Plaintiff and others similarly situated to collect, store, or otherwise use their handprint data, as required by BIPA; Provide a publicly available retention schedule and guidelines for permanently destroying Plaintiff's and other similarly-situated individuals' handprint data, as required by BIPA; and Obtain consent from Plaintiff and others similarly situated to disclose, redisclose, or otherwise disseminate their handprint data to a third party as required by BIPA.

15. The proposed class in the Gage Complaint includes:

4

>All individuals working for any Defendant in the State of Illinois who had their handprints collected, captured, received, obtained, maintained, stored or disclosed by any Defendant during the applicable statutory period.

16. The Complaint contains three counts alleging violations of various sections of BIPA. The Complaint seeks an award of statutory damages of $5,000 for each reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS § 14/20(1); injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class; reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3); and pre- and post-judgment interest.

17. Thermoflex has requested coverage from Citizens and Hanover for the Gage Lawsuit. Citizens and Hanover contend that they have no obligation to defend or indemnify Thermoflex against the Gage Lawsuit. Accordingly, an actual controversy exists between Citizens and Hanover, on the one hand, and Thermoflex, on the other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liabilities of the parties hereto and to grant such relief as it deems necessary and proper.

## COUNT I – DECLARATORY JUDGMENT
### (Cyber Liability Coverage – Past Events Exclusion)

18. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 17 as and for Paragraph 18, as though the same were fully set forth herein.

19. The Cyber Liability Coverage Part in the Policy contains the following exclusion:

>This insurance does not apply to any "Loss" or "claim":
>
>**B. Past Events**
>Based upon, arising out of or in any way related to any "Security Breach", "Privacy Breach", "Cyber

>>Media Breach", investigation, proceeding, act, event, result, damage, transaction, decision, fact, circumstance or situation which occurred, in whole or in part, prior:
>>>**1.** To the applicable Retroactive Date set forth in **Item 4.** of the Cyber Declarations; or
>>>**2.** To the date an entity became a "subsidiary".

20. The Retroactive Date set forth in **Item 4**. of the Cyber Declarations is 1/1/2020.

21. The Gage Complaint alleges that Thermoflex collected Gage's biometric information in the course of his employment in July of 2018.

22. As a result, the Gage Lawsuit is a "claim" based upon, arising out of or in any way related to any "Privacy Breach", investigation, proceeding, act, event, result, damage, transaction, decision, fact, circumstance or situation which occurred, in whole or in part, prior to the 11/1/2017 Retroactive Date.

23. The Past Events Exclusion, therefore, precludes coverage under the Cyber Liability Coverage Part of the Policy for the Gage Lawsuit.

24. Accordingly, the Cyber Liability Coverage Part in the Policy does not actually or potentially provide coverage for the Gage Lawsuit.

25. Citizens consequently has no defense or indemnity obligation for the Gage Lawsuit under the Cyber Liability Coverage Part of the Policy.

WHEREFORE, Citizens and Hanover respectfully requests that this Honorable Court declare as follows:

A. That Citizens has no duty to defend or indemnify Thermoflex in connection with the Gage Lawsuit;

B. That Hanover has no duty to defend or indemnify Thermoflex in connection with the Gage Lawsuit;

6

C. Grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT II – DECLARATORY JUDGMENT

### (General Liability Coverage – Employment Practices Liability Exclusion)

26. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 17 as and for Paragraph 26, as though the same were fully set forth herein.

27. The General Liability Coverage Part of the Policy contains an Employment Practices Liability Exclusion Endorsement, which states:

> **B.** The following exclusion is added to Paragraph **2., Exclusions** of Section **I – Coverage B – Personal And Advertising Injury Liability:**
>
> This insurance does not apply to:
>
> "Personal and advertising injury" to:
>
> > **(1)** A person arising out of any:
> > **(a)** Refusal to employ that person;
> > **(b)** Termination of that person's employment; or
> > **(c)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; or
> >
> > \*\*\*
>
> This exclusion applies:
>
> > **(1)** Whether the injury-causing event described in Paragraphs **(a), (b)** or **(c)** above occurs before employment, during employment or after employment of that person;
> >
> > **(2)** Whether the insured may be liable as an employer or in any other capacity; and
> >
> > **(3)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

28. The named plaintiff and putative class members in the Gage Lawsuit are employees or former employees of Thermoflex. The Complaint alleges that Thermoflex collected their

7

biometric information for authentication and time-keeping purposes in connection with their employment, and in doing so violated BIPA.

29. As a result, to the extent the Gage Complaint alleges "personal and advertising injury", such injury arises out of employment-related practices, policies, acts or omissions.

30. Coverage for the Gage Lawsuit, therefore, is precluded under the General Liability Coverage Part of the Policy by reason of the Employment Practices Liability Exclusion.

31. The General Liability Coverage Part of the Policy consequently does not actually or potentially provide coverage for the Gage Lawsuit.

32. Accordingly, Citizens has no duty to defend and indemnify Thermoflex for the Gage Lawsuit under the General Liability Coverage Part of the Policy.

WHEREFORE, Citizens and Hanover respectfully requests that this Honorable Court declare as follows:

A. That Citizens has no duty to defend or indemnify Thermoflex in connection with the Gage Lawsuit;

B. That Hanover has no duty to defend or indemnify Thermoflex in connection with the Gage Lawsuit;

C. Grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT III – DECLARATORY JUDGMENT

**(General Liability Coverage – Recording and Distribution Exclusion)**

33. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 17 as and for Paragraph 33, as though the same were fully set forth herein.

34. The General Liability Coverage Part in the Policy contains the following Exclusion:

This insurance does not apply to:

### p. Recording And Distribution Of Material Or Information In Violation Of Law

"Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

**(1)** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

**(2)** The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

**(3)** The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transactions Act (FACTA); or

**(4)** Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

35. The Gage Lawsuit alleges that Thermoflex collected, stored, and disclosed its employees' biometric information in violation of BIPA, a state statute, that addresses the collection, dissemination, and disposal of biometric information.

36. As a result, any alleged "personal and advertising injury" arises directly or indirectly out of any action or omission that violates or is alleged to violate any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

37. Accordingly, the Recording And Distribution Of Material Or Information In Violation Of Law Exclusion precludes coverage for the Gage Lawsuit under the General Liability Coverage Part of the Policy.

38. The General Liability Coverage Part of the Policy does not actually or potentially provide coverage for the Gage Lawsuit.

39. As a result, Citizens has no duty to defend or indemnify Thermoflex against the Gage Lawsuit.

WHEREFORE, Citizens and Hanover respectfully requests that this Honorable Court declare as follows:

A. That Citizens has no duty to defend or indemnify Thermoflex in connection with the Gage Lawsuit;

B. That Hanover has no duty to defend or indemnify Thermoflex in connection with the Gage Lawsuit;

C. Grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT IV – DECLARATORY JUDGMENT

### (General Liability Coverage – Access or Disclosure Exclusion)

40. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 17 as and for Paragraph 40, as though the same were fully set forth herein.

41. The Policy contains an Endorsement titled, "Exclusion – Access or Disclosure of Confidential or Personal Information and Data-Related Liability – With Limited Bodily Injury Exception, which provides, in relevant part:

> **B.** The following is added to Paragraph **2.**
> **Exclusions** of **Section I – Coverage B –**
> **Personal And Advertising Injury Liability:**

**2. Exclusions**

This insurance does not apply to:

**Access Or Disclosure Of Confidential Or Personal Information**

"Personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information.

42. The Gage Complaint alleges that Thermoflex accessed and disclosed its employees' biometric information in violation of BIPA.

43. Therefore, any alleged "personal and advertising injury" arises out of access to or disclosure of any person's confidential or personal information.

44. Coverage for the Gage Lawsuit is consequently precluded under the General Liability Coverage Part of the Policy pursuant to the Access or Disclosure of Confidential or Personal Information Exclusion.

45. The General Liability Coverage Part of the Policy does not actually or potentially provide coverage for the Gage Lawsuit.

46. Accordingly, Citizens has no duty to defend or indemnify Thermoflex for the Gage Lawsuit under the General Liability Coverage Part of the Policy.

WHEREFORE, Citizens and Hanover respectfully requests that this Honorable Court declare as follows:

  A. That Citizens has no duty to defend or indemnify Thermoflex in connection with the Gage Lawsuit;

  B. That Hanover has no duty to defend or indemnify Thermoflex in connection with the Gage Lawsuit;

  C. Grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT V – DECLARATORY JUDGMENT

### (Umbrella Policy – Excess Coverage)

47. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 17 as and for Paragraph 47, as though the same were fully set forth herein.

48. The Excess Insuring Agreement in the Umbrella Policy provides, in pertinent part:

> **I. INSURING AGREEMENTS**
> **1. Coverage A – Follow Form Excess Liability Insuring Agreement**
> **a.** We will pay on behalf of the insured those sums in excess of the "underlying insurance" which the insured becomes legally obligated to pay as damages, provided:
>
>   **(1)** Such damages are covered by "underlying insurance";
>     \*\*\*
>
> **c.** The terms and conditions of the "underlying insurance" in effect at the inception of this policy apply unless they are inconsistent with the terms and conditions of this policy.
>     \*\*\*

49. "Underlying insurance" is defined in the Umbrella Policies as "the liability insurance coverage provided under policies shown in the Schedule of Underlying Insurance for the limits and policy periods indicated."

12

50. The Cyber Liability Coverage Part and its Limit of Liability are not listed in the Schedule of Underlying Insurance, and therefore, does not fall within the definition of "Underlying Insurance".

51. The General Liability Coverage Part of the Citizens Policy is "Underlying Insurance". The Excess Coverage Part of the Umbrella Policy follows form to the Citizens Policy.

52. Because the General Liability Coverage Part in the Citizens Policy does not provide coverage for the Gage Lawsuit for the reasons set forth herein in Counts II – IV, which are incorporated here by reference, the Excess Coverage Part of the Umbrella Policy does not provide coverage for the Gage Lawsuit.

53. The Excess Coverage Part of the Umbrella Policy does not actually or potentially provide coverage for the Gage Lawsuit.

54. Hanover, therefore, has no duty to defend or indemnify Thermoflex for the Gage Lawsuit under the Excess Coverage Part of the Umbrella Policy.

WHEREFORE, Citizens and Hanover respectfully requests that this Honorable Court declare as follows:

A. That Citizens has no duty to defend or indemnify Thermoflex in connection with the Gage Lawsuit;

B. That Hanover has no duty to defend or indemnify Thermoflex in connection with the Gage Lawsuit;

C. Grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT –VI DECLARATORY JUDGMENT

### (Umbrella Policy –Access or Disclosure Exclusion)

55. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 17 as and for Paragraph 55, as though the same were fully set forth herein.

56. The Umbrella Insuring Agreement in the Umbrella Policy provides as follows:

> **2. Coverage B – Umbrella Liability Insuring Agreement**
> **a.** We will pay on behalf of the insured those sums in excess of the "retained limit" shown in the Declarations which the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage", "personal injury" and "advertising injury" to which this coverage applies, provided:
> **(1)** The:
> **(a)** "Bodily injury" or "property damage" is caused by an "occurrence"; or
> **(b)** "Personal injury" and "advertising injury" is caused by an offense arising out of your business;

57. The Umbrella Policy contains the following Exclusion:

> This insurance does not apply to:
>
> **a. Access Or Disclosure Of Confidential Or Personal Information And Data-Related Liability**
> Any liability or expense arising out of:
> **(1)** Any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information; or
> ***

58. The Gage Complaint alleges Thermoflex accessed and disclosed its employee biometric information in violation of BIPA.

59. Therefore, any liability or expense arises out of access to or disclosure of any person's confidential or personal information and coverage for the Gage Lawsuit is precluded under the Umbrella Coverage Part of the Umbrella Policy pursuant to the Access or Disclosure of Confidential or Personal Information Exclusion.

60. The Umbrella Liability Coverage Part of the Umbrella Policy does not actually or potentially provide coverage for the Gage Lawsuit.

61. Accordingly, Hanover has no duty to defend or indemnify Thermoflex for the Gage Lawsuit under the Umbrella Liability Coverage Part of the Umbrella Policy.

WHEREFORE, Citizens and Hanover respectfully requests that this Honorable Court declare as follows:

A. That Citizens has no duty to defend or indemnify Thermoflex in connection with the Gage Lawsuit;

B. That Hanover has no duty to defend or indemnify Thermoflex in connection with the Gage Lawsuit;

C. Grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

**COUNT VII – DECLARATORY JUDGMENT**

**(Umbrella Policy – Employment Related Practices Exclusion)**

62. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 17 as and for Paragraph 62, as though the same were fully set forth herein.

63. The Umbrella Policy contains the following Exclusion:

**d. Employment Related Practices**

>Any claim by or on behalf of:
>**(1)** A person arising out of any:
>>**(a)** Refusal to employ that person;
>>**(b)** Termination of that person's employment; or
>>**(c)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; or
>> ***

64. The named plaintiff and putative class members in the Gage Lawsuit are employees or former employees of Thermoflex. The Complaint alleges that Thermoflex collected their biometric information for authentication and time-keeping purposes in connection with their employment, and in doing so violated BIPA.

65. As a result, the Gage Lawsuit is a claim by persons arising out of any employment-related practices, policies, acts or omissions and coverage is precluded under Umbrella Liability Coverage Part of the Umbrella Policy by reason of the Employment Practices Liability Exclusion.

66. The Umbrella Liability Coverage Part of the Umbrella Policy does not actually or potentially provide coverage for the Gage Lawsuit.

67. Accordingly, Hanover has no duty to defend and indemnify Thermoflex for the Gage Lawsuit under the Umbrella Liability Coverage Part of the Umbrella Policy.

WHEREFORE, Citizens and Hanover respectfully requests that this Honorable Court declare as follows:

A. That Citizens has no duty to defend or indemnify Thermoflex in connection with the Gage Lawsuit;

B. That Hanover has no duty to defend or indemnify Thermoflex in connection with the Gage Lawsuit;

C. Grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT VIII – DECLARATORY JUDGMENT

### (Umbrella Policy– Recording and Distribution Exclusion)

68. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 17 as and for Paragraph 68, as though the same were fully set forth herein.

69. The Umbrella Policy contains the following exclusion:

This insurance does not apply to:

**h. Recording and Distribution of Material in Violation of Law**
Any liability or expense arising out of any action or omission that violates or is alleged to violate:

> **(1)** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law; or
> **(2)** The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or
> **(3)** The Fair Credit Reporting Act (FCRA) and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA); or
> **(4)** Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

70. The Gage Lawsuit alleges that Thermoflex collected, stored, and disclosed its employees' biometric information in violation of BIPA, a state statute, that addresses the collection, dissemination, and disposal of biometric information.

17

71. As a result, any liability or expense arises out of any action or omission that violates or is alleged to violate any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

72. Therefore, the Recording And Distribution Of Material Or Information In Violation Of Law Exclusion precludes coverage for the Gage Lawsuit under the Umbrella Liability Coverage Part of the Umbrella Policy.

73. The Umbrella Liability Coverage Part of the Umbrella Policy does not actually or potentially provide coverage for the Gage Lawsuit.

74. As a result, Hanover has no duty to defend or indemnify Thermoflex against the Gage Lawsuit.

WHEREFORE, Citizens and Hanover respectfully requests that this Honorable Court declare as follows:

A. That Citizens has no duty to defend or indemnify Thermoflex in connection with the Gage Lawsuit;

B. That Hanover has no duty to defend or indemnify Thermoflex in connection with the Gage Lawsuit;

C. Grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

Respectfully submitted,

Citizens Insurance Company of America and Hanover Insurance Company


By: /s/ Kelly M. Ognibene
    One of its Attorneys


Jeffrey A. Goldwater, Esq. (ARDC #6189014)
Kelly Ognibene, Esq. (ARDC #6297327)
Lewis Brisbois Bisgaard & Smith, LLP
550 West Adams Street, Suite 300
Chicago, Illinois 60661
312-345-1718
312-345-1778-facsimile