# Exhibit C

Envelope: UPS_LETTER_CENTER
WINDOW
Total Pages: 31
SafetySeal(101761)



MARA VELASCO
2149323601
CT - DALLAS SOP TEAM
1999 BRYAN STREET
DALLAS TX 75201

**1.0 LBS**    **LTR**     **1 OF 1**

**SHIP TO:**
DEBBIE PRICE
2149323601
THERMOFLEX WAUKEGAN, LLC
1535 S LAKESIDE DR
## WAUKEGAN IL 60085



# IL 600 9-03



# UPS NEXT DAY AIR
TRACKING #: 1Z X21 278 01 3304 0915    **1**



BILLING: P/P

Reference No.1: SOP/2401130/538089756/CT SOP Custo

XOL 20.08.05    NV45 31.0A 07/2020

1588649

5

Origin: Wolters Kluwer UPS 562130

# CT Packing Slip

 CT Corporation

**UPS Tracking # :** 1ZX212780133040915
**Created By :** Vikash Singh
**Created On :** 08/13/2020 03:35 PM
**Recipient :**

| Debbie Price | |
| --- | --- |
| Title : | -- |
| Customer : | Thermoflex Waukegan, LLC |
| Address : | 1535 S Lakeside Dr |
| Email : | - |
| Phone : | Fax : - |

**Package Type :** Envelope
**Items shipped :** 1

| Log # | Case # | Entity Name |
| --- | --- | --- |
| 538089756 | 20CH00000479 | Thermoflex Waukegan, LLC |

 CT Corporation

**TO:** Debbie Price
Thermoflex Waukegan, LLC
1535 S Lakeside Dr
Waukegan, IL 60085-8312

**RE:** **Process Served in Illinois**

**FOR:** Thermoflex Waukegan, LLC  (Domestic State: DE)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Gregory Gates, individually, and on behalf of all others similarly situated, Pltf. vs. Thermoflex Waukegan, LLC, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 20CH00000479 |
| **NATURE OF ACTION:** | Employee Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/13/2020 at 14:20 |
| **JURISDICTION SERVED:** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780133040915 |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>8020 Excelsior Dr Ste 200<br>Madison, WI 53717-1998 |
| **For Questions:** | 877-467-3525<br>SmallBusinessTeam@wolterskluwer.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



# PROCESS SERVER DELIVERY DETAILS

**Date:**  Thu, Aug 13, 2020

**Server Name:**  Sheriff Drop

**Location:**  chicago, IL-CHI

| | |
|---|---|
| Entity Served | THERMOFLEX WAUKEGAN, LLC |
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | 20CH00000479 |
| Jurisdiction | IL-CHI |





\* 5 0 0 2 8 4 5 2 \*

**IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS**

Gregory Gates )
)
)
)
)
)
Plaintiff(s) )
vs. )
)
Thermoflex Waukegan, LLC. and TempsNow )
Employment and Placement Services, LLC. )   Case No: 20CH00000479
)
)
TO: Thermoflex Waukegan, LLC. )
R/A: C T Corporation System )
208 SO LaSalle St, Suite 814 )
Chicago, IL. 60604 )
Defendant(s) )

## SUMMONS

To each defendant:

You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the Clerk of this Court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

E-filing is now mandatory for documents in civil cases with limited exemptio⁻ To e-file, you must first create an account with an e-filing service provider. Vi⌐ https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed.



* 5 0 0 2 8 4 5 2 *

This summons may not be served later than 30 days after its date.



WITNESS _____ 7/29/2020

*Erin Cartwright Weinstein*

ERIN CARTWRIGHT WEINSTEIN,
Clerk of Court

CN

Prepared by:

Name: _Haley R. Jenkins_____ Pro Se ☐

Address: _100 N. Riverside Plaza, Suite 2150_____

City: _Chicago_____ State: _IL._____

Phone: _312-233-1550_____ Zip Code: _60606_____

ARDC #: _6324112_____

Fax: _312-233-1560_____

E-mail address: _hjenkins@stephanzouras.com_____

(If service by facsimile transmission will be accepted, the telephone number of the plaintiff or plaintiff's attorney's facsimile machine is additionally required.)

Date of Service _____, 20_____ (to be inserted by officer on copy left with defendant or other person).



* 5 0 0 2 8 4 5 2 *

SHERIFF'S FEES

( Service and return ............................................ $ _____

(
( Miles _____ ........................................... $ _____
(
( Total ............................................................ $ _____

_____

Sheriff of _____ County

I certify that I served this summons on defendants as follows:

(a)-(Individual defendants – personal):
(The officer or other person making service, shall (a) identify as to sex, race and approximate age of the defendant with whom he left the summons, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of the day when the summons was left with the defendant).

_____
_____
_____
_____
_____

(b)-(Individual defendants – abode):
By leaving a copy of the complaint at the usual place of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons.  (The officer or other person making service, shall (a) identify as to sex, race and approximate age of the person, other than the defendant, with whom he left the summons, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of day when the summons was left with such person).

_____
_____
_____

and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Mailing Address | Date of mailing |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

(c)-(Corporate defendants):
By leaving a copy and a copy of the complaint with the registered agent, officer or agent of each defendant corporation, as follows:

| Defendant corporation | Registered agent, officer or agent | Date of Service |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

(d)-(Other service):

_____
_____
_____

_____ Sheriff of _____ County
By: _____
(Deputy)



**IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT**
**LAKE COUNTY, ILLINOIS**

| | |
|---|---|
| Gregory Gates | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| Plaintiff(s) | ) |
| vs. | ) |
| | ) |
| Thermoflex Waukegan, LLC. and TempsNow | ) |
| Employment and Placement Services, LLC. | ) |

Case No: 20CH00000479

| | |
|---|---|
| | ) |
| TO: Thermoflex Waukegan, LLC. | ) |
| R/A: C T Corporation System | ) |
| 208 SO LaSalle St, Suite 814 | ) |
| Chicago, IL. 60604 | ) |
| Defendant(s) | ) |

### SUMMONS

To each defendant:

You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the Clerk of this Court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed.



* 5 0 0 2 8 4 5 2 *

This summons may not be served later than 30 days after its date.



WITNESS         7/29/2020

*Erin Cartwright Weinstein*

ERIN CARTWRIGHT WEINSTEIN,
Clerk of Court

CN

Prepared by:
Name: _Haley R. Jenkins_         Pro Se ☐

Address: _100 N. Riverside Plaza, Suite 2150_

City: _Chicago_       State: _IL._

Phone: _312-233-1550_    Zip Code: _60606_

ARDC #: _6324112_

Fax: _312-233-1560_

E-mail address: _hjenkins@stephanzouras.com_

(If service by facsimile transmission will be accepted, the telephone number of the plaintiff or
plaintiff's attorney's facsimile machine is additionally required.)

Date of Service _____, 20_____ (to be inserted by officer on copy left with defendant or other
person).



\* 5 0 0 2 8 4 5 2 \*

| SHERIFF'S FEES | ( Service and return ............................................. $ | _____ |
| | ( Miles_____ ............................................. $ | _____ |
| | ( Total................................................................... $ | _____ |

_____

Sheriff of _____ County

I certify that I served this summons on defendants as follows:

(a)-(Individual defendants – personal):

(The officer or other person making service, shall (a) identify as to sex, race and approximate age of the defendant with whom he left the summons, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of the day when the summons was left with the defendant).

_____
_____
_____
_____

(b)-(Individual defendants – abode):

By leaving a copy of the complaint at the usual place of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons. (The officer or other person making service, shall (a) identify as to sex, race and approximate age of the person, other than the defendant, with whom he left the summons, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of day when the summons was left with such person).

_____
_____
_____

and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Mailing Address | Date of mailing |
| --- | --- | --- |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

(c)-(Corporate defendants):

By leaving a copy and a copy of the complaint with the registered agent, officer or agent of each defendant corporation, as follows:

| Defendant corporation | Registered agent, officer or agent | Date of Service |
| --- | --- | --- |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

(d)-(Other service):

_____
_____
_____

_____ Sheriff of _____County

By: _____

(Deputy)

171-138 Rev 07/18

IN THE CIRCUIT COURT OF LAKE COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| GREGORY GATES, individually, and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| THERMOFLEX WAUKEGAN, LLC. and TEMPSNOW EMPLOYMENT AND PLACEMENT SERVICES, LLC., | ) ) ) ) |
| Defendants. | ) ) |

Case No.     20CH00000479

## CLASS ACTION COMPLAINT

Plaintiff Gregory Gates ("Plaintiff" or "Gates") individually and on behalf of all others similarly situated (the "Class"), by and through his attorneys, brings the following Class Action Complaint ("Complaint") pursuant to the Illinois Code of Civil Procedure, 735 ILCS §§ 5/2-801 and 2-802, against Thermoflex Waukegan, LLC., ("Thermoflex") and TempsNow Employment and Placement Services, LLC. ("TempsNow") (collectively, "Defendants"), its subsidiaries and affiliates, to redress and curtail Defendants' unlawful collection, use, storage, and disclosure of Plaintiff's sensitive and proprietary biometric data. Plaintiff alleges as follows upon personal knowledge as to himself, his own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1.     Defendant Thermoflex provides staffing services and temporary employment opportunities for employees in industrial settings, including Thermoflex. Defendant Thermoflex is an organization engaged in automotive accessory development and production.

1



2.      When TempsNow staffs an employee at Thermoflex, including Plaintiff, he or she is enrolled in each Defendant's employee database using a scan of his or her handprint to monitor the time worked by its hourly employees.

3.      While many employers use conventional methods for time tracking (such as ID badge or punch clocks), Thermoflex workers, including those staffed by TempsNow, are required to have their handprints scanned by a biometric timekeeping device.

4.      Biometrics are not relegated to esoteric corners of commerce. Many businesses – such as Defendants' – and financial institutions have incorporated biometric applications into their workplace in the form of biometric timeclocks or authenticators, and into consumer products, including such ubiquitous consumer products as checking accounts and cell phones.

5.      Unlike ID badges or time cards– which can be changed or replaced if stolen or compromised – one's handprints are a set of unique, permanent biometric identifiers associated with each employee. This exposes Defendants' employees to serious and irreversible privacy risks. For example, if a database containing handprint data or other sensitive, proprietary biometric data is hacked, breached, or otherwise exposed – like in the recent Yahoo, eBay, Google, Equifax, Uber, Home Depot, Panera, Whole Foods, Chipotle, Trump Hotels, Facebook/Cambridge Analytica, and Marriott data breaches or misuses – employees have **_no_** means by which to prevent identity theft, unauthorized tracking or other unlawful or improper use of this highly personal and private information.

6.      In 2015, a data breach at the United States Office of Personnel Management exposed the personal identification information, including biometric data, of over 21.5 million federal employees, contractors, and job applicants. U.S. Off. of Personnel Mgmt., *Cybersecurity Incidents* (2018), *available at* www.opm.gov/cybersecurity/cybersecurity-incidents.



\* 5 0 0 2 8 4 5 2 \*

7.      An illegal market already exists for biometric data. Hackers and identity thieves have targeted Aadhaar, the largest biometric database in the world, which contains the personal and biometric data – including fingerprints, iris scans, and a facial photograph – of over a billion Indian citizens. *See* Vidhi Doshi, *A Security Breach in India Has Left a Billion People at Risk of Identity Theft*, The Washington Post (Jan. 4, 2018), *available at* https://www.washingtonpost.com/news/worldviews/wp/2018/01/04/a-security-breach-in-india-has-left-a-billion-people-at-risk-of-identity-theft/?utm_term=.b3c70259f138.

8.      In January 2018, an Indian newspaper reported that the information housed in Aadhaar was available for purchase for less than $8 and in as little as 10 minutes. Rachna Khaira, *Rs 500, 10 Minutes, and You Have Access to Billion Aadhaar Details*, The Tribune (Jan. 4, 2018), *available at* http://www.tribuneindia.com/news/nation/rs-500-10-minutes-and-you-have-access-to-billion-aadhaar-details/523361.html.

9.      Recognizing the need to protect its citizens from situations like these, Illinois enacted the Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*, specifically to regulate companies that collect, store and use Illinois citizens' biometrics, such as handprints.

10.      Notwithstanding the clear and unequivocal requirements of the law, each Defendant disregards its employees' statutorily protected privacy rights and unlawfully collect, store, disseminate, and use employees' biometric data in violation of BIPA. Specifically, each Defendant has violated and continues to violate BIPA because it did not and continues not to:

  a. Properly inform Plaintiff and others similarly situated in writing of the specific purpose and length of time for which their handprint data was being collected, stored, and used, as required by BIPA;

  b. Receive a written release from Plaintiff and others similarly situated to collect, store, or otherwise use their handprint data, as required by BIPA;

3


     c. Provide a publicly available retention schedule and guidelines for permanently destroying Plaintiff's and other similarly-situated individuals' handprint data, as required by BIPA; and

     d. Obtain consent from Plaintiff and others similarly situated to disclose, redisclose, or otherwise disseminate their handprint data to a third party as required by BIPA.

11. Accordingly, Plaintiff seeks an Order: (1) declaring that each Defendant's conduct violates BIPA; (2) requiring each Defendant to cease the unlawful activities discussed herein; and (3) awarding liquidated damages to Plaintiff and the proposed Class.

## PARTIES

12. Plaintiff Gregory Gates is a natural person and a citizen of the State of Illinois.

13. Defendant Thermoflex is a Delaware corporation that is registered with the Illinois Secretary of State and conducts business in the State of Illinois, including Lake County.

14. Defendant TempsNow is a Delaware corporation that is registered with the Illinois Secretary of State and conducts business in the State of Illinois, including Lake County.

## JURISDICTION AND VENUE

15. This Court has jurisdiction over Defendants pursuant to 735 ILCS § 5/2-209 because they conduct business transactions in Illinois, commit statutory violations and tortious acts in Illinois, and are registered to conduct business in Illinois.

16. Venue is proper in Lake County because Defendants are authorized to conduct business in this State, Defendants conduct business transactions in Lake County, and Defendants committed the statutory violations alleged herein in Lake County and throughout Illinois.

## FACTUAL BACKGROUND

### I. The Biometric Information Privacy Act

17. In the early 2000s, major national corporations started using Chicago and other locations in Illinois to test "new applications of biometric-facilitated financial transactions,



including finger-scan technologies at grocery stores, gas stations, and school cafeterias." 740 ILCS § 14/5(c). Given its relative infancy, an overwhelming portion of the public became weary of this then-growing yet unregulated technology. *See* 740 ILCS § 14/5.

18.    In late 2007, a biometrics company called Pay by Touch, which provided major retailers throughout the State of Illinois with fingerprint scanners to facilitate consumer transactions, filed for bankruptcy. That bankruptcy was alarming to the Illinois Legislature because suddenly there was a serious risk that millions of fingerprint records – which, like other unique biometric identifiers, can be linked to people's sensitive financial and personal data – could now be sold, distributed, or otherwise shared through the bankruptcy proceedings without adequate protections for Illinois citizens. The bankruptcy also highlighted the fact that most consumers who used the company's fingerprint scanners were completely unaware that the scanners were not actually transmitting fingerprint data to the retailer who deployed the scanner, but rather to the now-bankrupt company, and that their unique biometric identifiers could now be sold to unknown third parties.

19.    Recognizing the "very serious need [for] protections for the citizens of Illinois when it [came to their] biometric information," Illinois enacted BIPA in 2008. *See* Illinois House Transcript, 2008 Reg. Sess. No. 276; 740 ILCS § 14/5.

20.    Additionally, to ensure compliance, BIPA provides that, for each violation, the prevailing party may recover $1,000 or actual damages, whichever is greater, for negligent violations and $5,000, or actual damages, whichever is greater, for intentional or reckless violations. 740 ILCS 14/20.

21.    BIPA is an informed consent statute which achieves its goal by making it unlawful for a company to, among other things, collect, capture, purchase, receive through trade, or



\* 5 0 0 2 8 4 5 2 \*

otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:

    a. Informs the subject in writing that a biometric identifier or biometric information is being collected, stored and used;

    b. Informs the subject in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

    c. Receives a written release executed by the subject of the biometric identifier or biometric information.

*See* 740 ILCS § 14/15(b).

22.    BIPA specifically applies to employees who work in the State of Illinois. BIPA defines a "written release" specifically "in the context of employment [as] a release executed by an employee as a condition of employment." 740 ILCS 14/10.

23.    Biometric identifiers include retina and iris scans, voiceprints, scans of finger and face geometry, and – most importantly here – handprint scans. *See* 740 ILCS § 14/10. Biometric information is separately defined to include any information based on an individual's biometric identifier that is used to identify an individual. *Id.*

24.    BIPA also establishes standards for how companies must handle Illinois citizens' biometric identifiers and biometric information. *See, e.g.,* 740 ILCS § 14/15(c)-(d). For example, BIPA prohibits private entities from disclosing a person's or customer's biometric identifier or biometric information without first obtaining consent for such disclosure. *See* 740 ILCS § 14/15(d)(1).

25.    BIPA also prohibits selling, leasing, trading, or otherwise profiting from a person's biometric identifiers or biometric information (740 ILCS § 14/15(c)) and requires companies to develop and comply with a written policy – made available to the public – establishing a retention



schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting such identifiers or information has been satisfied or within three years of the individual's last interaction with the company, whichever occurs first. 740 ILCS § 14/15(a).

26.     The Illinois legislature enacted BIPA due to the increasing use of biometric data in financial and security settings, the general public's hesitation to use biometric information, and – most significantly – the unknown ramifications of biometric technology. Biometrics are biologically unique to the individual and, once compromised, an individual is at heightened risk for identity theft and left without any recourse.

27.     BIPA provides individuals with a private right of action, protecting their right to privacy regarding their biometrics as well as protecting their rights to know the precise nature for which their biometrics are used and how they are being stored and ultimately destroyed. Unlike other statutes that only create a right of action if there is a qualifying data breach, BIPA strictly regulates the manner in which entities may collect, store, use, and disseminate biometrics and creates a private right of action for lack of statutory compliance.

28.     Plaintiff, like the Illinois legislature, recognizes how imperative it is to keep biometric information secure. Biometric information, unlike other personal identifiers such as a social security number, cannot be changed or replaced if hacked or stolen.

## II.     Defendants Violate the Biometric Information Privacy Act.

29.     By the time BIPA passed through the Illinois legislature in mid-2008, most companies who had experimented using individuals' biometric data stopped doing so.



30.     However, both Defendants failed to take note of the shift in Illinois law governing the collection, use and dissemination of biometric data. As a result, each Defendant continues to collect, store, use and disseminate individuals' biometric data in violation of BIPA.

31.     Specifically, when employees first become staffed by TempsNow at Thermoflex, they are required to have their handprints scanned to enroll them in Defendants' employee database(s).

32.     Thermoflex uses and has used employee software supplied by a third party that requires employees to use their handprints as a means of authentication. Per the company's policy, all of its hourly workers, included those staffed by TempsNow, are required to use their handprints to clock-in and clock-out for attendance.

33.     Employees staffed by TempsNow receive their paychecks from TempsNow. Thus, upon information and belief, TempsNow transmits biometric timekeeping data to Thermoflex for payroll purposes and without employees' written consent, as required by BIPA.

34.     Upon information and belief, each Defendant failed and continues to fail to inform its employees that it discloses or disclosed their handprint data to at least one out-of-state third-party vendor, and likely others; fails to inform its employees that it discloses their handprint data to other, currently unknown, third parties, which host the biometric data in their data centers; fails to inform its employees of the purposes and duration for which it collects their sensitive biometric data; and fails to obtain written releases from employees before collecting their handprint data.

35.     Furthermore, each Defendant fails to provide employees with a written, publicly available policy identifying its retention schedule and guidelines for permanently destroying employees' handprint data when the initial purpose for collecting or obtaining their handprint data is no longer relevant, as required by BIPA.

8



* 5 0 0 2 8 4 5 2 *

36. The Pay by Touch bankruptcy that catalyzed the passage of BIPA highlights why such conduct – where individuals are aware that they are providing a biometric information but not aware to whom or for what purposes they are doing so – is dangerous. That bankruptcy spurred Illinois citizens and legislators into realizing that it is crucial for individuals to understand when providing biometric identifiers, such as their handprints, who exactly is collecting their biometric data, where it will be transmitted and for what purposes, and for how long. Defendants disregard these obligations, and their employees' statutory rights, and instead unlawfully collect, store, use and disseminate employees' biometric identifiers and information, without ever receiving the individual's informed written consent required by BIPA.

37. Upon information and belief, each Defendant lacks retention schedules and guidelines for permanently destroying Plaintiff's and other similarly-situated individuals' biometric data and has not and will not destroy Plaintiff's and other similarly-situated individuals' biometric data when the initial purpose for collecting or obtaining such data has been satisfied or within three years of the individual's last interaction with each company.

38. Neither Defendant's employees are told what might happen to their biometric data if and when either Defendant merges with another company or worse, if and when either Defendant's business folds, or when the other third parties that have received their biometric data businesses fold.

39. Since neither Defendant publishes a BIPA-mandated data-retention policy nor discloses the purposes for its collection and use of biometric data, Defendants' employees have no idea to whom either Defendant sells, discloses, re-discloses, or otherwise disseminates their biometric data. Nor are Plaintiff and the putative Class told to whom each Defendant currently



discloses their biometric data, or what might happen to their biometric data in the event of a merger or a bankruptcy.

40. These violations have raised a material risk that Plaintiff's and other similarly-situated individuals' biometric data will be unlawfully accessed by third parties.

41. By and through the actions detailed above, each Defendant disregards Plaintiff's and other similarly-situated individuals' legal rights in violation of BIPA.

**III.    Plaintiff Gregory Gates' Experience**

42. TempsNow staffed Plaintiff Gregory Gates at Thermoflex as an Assembly Line Worker during July 2018 at 1535 S. Lakeside Drive Waukegan, IL. 60085.

43. As a condition of employment, Plaintiff *was required* to scan his handprint so TempsNow and Thermoflex could use it as an authorization method to track his time.

44. Upon information and belief, Thermoflex transmitted Plaintiff's biometric timekeeping data to TempsNow without Plaintiff's authorization, as required by BIPA.

45. Thermoflex and TempsNow subsequently stored Plaintiff's handprint data in their respective employee database(s).

46. Plaintiff was required to scan his handprint each time he clocked in for work and clocked out of work.

47. Plaintiff has never been informed of the specific limited purposes or length of time for which any Defendant collected, stored, used and/or disseminated his biometric data.

48. Plaintiff has never been informed of any biometric data retention policy developed by any Defendant, nor has he ever been informed of whether any Defendant will ever permanently delete his biometric data.



49.     Plaintiff has never been provided with nor ever signed a written release allowing any Defendant to collect, store, use or disseminate his biometric data.

50.     Plaintiff has continuously and repeatedly been exposed to the risks and harmful conditions created by each Defendant's multiple violations of BIPA alleged herein.

51.     No amount of time or money can compensate Plaintiff if his biometric data is compromised by the lax procedures through which each Defendant captured, stored, used, and disseminated his and other similarly-situated individuals' biometrics. Moreover, Plaintiff would not have provided his biometric data to any Defendant if he had known that they would retain such information for an indefinite period of time without his consent.

52.     A showing of actual damages is not necessary in order to state a claim under BIPA. *See Rosenbach v. Six Flags Ent. Corp.*, 2019 IL 123186, ¶ 40 ("[A]n individual need not allege some actual injury or adverse effect, beyond violation of his or her rights under the Act, in order to qualify as an "aggrieved" person and be entitled to seek liquidated damages and injunctive relief pursuant to the Act").

53.     As Plaintiff is not required to allege or prove actual damages in order to state a claim under BIPA, he seeks statutory damages under BIPA as compensation for the injuries caused by Defendants. *Rosenbach*, 2019 IL 123186, ¶ 40.

## CLASS ALLEGATIONS

54.     Pursuant to the Illinois Code of Civil Procedure, 735 ILCS 5/2-801, Plaintiff brings claims on his own behalf and as a representative of all other similarly-situated individuals pursuant to BIPA, 740 ILCS § 14/1, *et seq.*, to recover statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages owed.

55.     As discussed *supra*, Section 14/15(b) of BIPA prohibits a company from, among

11



other things, collecting, capturing, purchasing, receiving through trade, or otherwise obtaining a person's or a customer's biometric identifiers or biometric information, unless it first (1) informs the individual in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the individual in writing of the specific purpose and length of time for which a biometric identifier or biometric information is being collected, stored, and used; *and* (3) receives a written release executed by the subject of the biometric identifier or biometric information. 740 ILCS § 14/15.

56. Plaintiff seeks class certification under the Illinois Code of Civil Procedure, 735 § ILCS 5/2-801 for the following class of similarly-situated individuals under BIPA:

> All individuals working for any Defendant in the State of Illinois who had their handprints collected, captured, received, obtained, maintained, stored or disclosed by any Defendant during the applicable statutory period.

57. This action is properly maintained as a class action under 735 ILCS § 5/2-801 because:

      A. The class is so numerous that joinder of all members is impracticable;

      B. There are questions of law or fact that are common to the class;

      C. The claims of the Plaintiff are typical of the claims of the class; and,

      D. The Plaintiff will fairly and adequately protect the interests of the class.

## Numerosity

58. The total number of putative class members exceeds fifty (50) individuals. The exact number of class members can easily be determined from Defendants' payroll records.

## Commonality

59. There is a well-defined commonality of interest in the substantial questions of law and fact concerning and affecting the Class in that Plaintiff and all members of the Class have been harmed by Defendants' failure to comply with BIPA. The common questions of law and fact



include, but are not limited to the following:

A. Whether any Defendant collected, captured or otherwise obtained Plaintiff's and the Class's biometric identifiers or biometric information;

B. Whether any Defendant properly informed Plaintiff and the Class of their purposes for collecting, using, storing and disseminating their biometric identifiers or biometric information;

C. Whether any Defendant obtained a written release (as defined in 740 ILCS § 14/10) to collect, use, store and disseminate Plaintiff's and the Class's biometric identifiers or biometric information;

D. Whether any Defendant has disclosed or re-disclosed Plaintiff's and the Class's biometric identifiers or biometric information;

E. Whether any Defendant has sold, leased, traded, or otherwise profited from Plaintiff's and the Class's biometric identifiers or biometric information;

F. Whether any Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of their last interaction with the individual, whichever occurs first;

G. Whether any Defendant complies with any such written policy (if one exists);

H. Whether any Defendant used Plaintiff's and the Class's handprints to identify them;

I. Whether any Defendant's violations of BIPA have raised a material risk that Plaintiff's biometric data will be unlawfully accessed by third parties;

J. Whether the violations of BIPA were committed negligently; and

K. Whether the violations of BIPA were committed intentionally and/or recklessly.

60. Plaintiff anticipates that Defendants will raise defenses that are common to the class.

13


\* 5 0 0 2 8 4 5 2 \*

**Adequacy**

61.     Plaintiff will fairly and adequately protect the interests of all members of the class,

and there are no known conflicts of interest between Plaintiff and class members. Plaintiff,

moreover, has retained experienced counsel that are competent in the prosecution of complex

litigation and who have extensive experience acting as class counsel.

**Typicality**

62.     The claims asserted by Plaintiff are typical of the class members he seeks to

represent. Plaintiff has the same interests and suffers from the same unlawful practices as the class

members.

63.     Upon information and belief, there are no other class members who have an interest

individually controlling the prosecution of his or her individual claims, especially in light of the

relatively small value of each claim and the difficulties involved in bringing individual litigation

against one's employer. However, if any such class member should become known, he or she can

"opt out" of this action pursuant to 735 ILCS § 5/2-801.

**Predominance and Superiority**

64.     The common questions identified above predominate over any individual issues,

which will relate solely to the quantum of relief due to individual class members. A class action is

superior to other available means for the fair and efficient adjudication of this controversy because

individual joinder of the parties is impracticable. Class action treatment will allow a large number

of similarly-situated persons to prosecute their common claims in a single forum simultaneously,

efficiently and without the unnecessary duplication of effort and expense if these claims were

brought individually. Moreover, as the damages suffered by each class member are relatively small

in the sense pertinent to class action analysis, the expenses and burden of individual litigation



* 5 0 0 2 8 4 5 2 *

would make it difficult for individual class members to vindicate their claims.

65.     Additionally, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially more than if claims are treated as a class action. Prosecution of separate actions by individual class members would create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of class members to protect their interests. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

**FIRST CAUSE OF ACTION**
**Violation of 740 ILCS § 14/15(a): Failure to Institute, Maintain and Adhere to Publicly-Available Retention Schedule**

66.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

67.     BIPA mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention – and, importantly, deletion – policy. Specifically, those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three years after the company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS § 14/15(a).

68.     Each Defendant fails to comply with these BIPA mandates.

69.     Defendant Thermoflex is a Delaware corporation registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

70.     Defendant TempsNow is a Delaware corporation registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.



\* 5 0 0 2 8 4 5 2 \*

71.     Plaintiff and the Class are individuals who have had their "biometric identifiers" collected by each Defendant (in the form of their handprints), as explained in detail in Sections II and III, *supra*. *See* 740 ILCS § 14/10.

72.     Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

73.     Each Defendant failed to provide a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA. *See* 740 ILCS § 14/15(a).

74.     Upon information and belief, each Defendant lacks retention schedules and guidelines for permanently destroying Plaintiff's and the Class's biometric data and has not and will not destroy Plaintiff's and the Class's biometric data when the initial purpose for collecting or obtaining such data has been satisfied or within three years of the individual's last interaction with the company.

75.     On behalf of himself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendants to comply with BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each willful and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).



* 5 0 0 2 8 4 5 2 *

## SECOND CAUSE OF ACTION
**Violation of 740 ILCS § 14/15(b): Failure to Obtain Informed Written Consent and Release Before Obtaining Biometric Identifiers or Information**

76.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

77.     BIPA requires companies to obtain informed written consent from employees before acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject…in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; *and* (3) receives a written release executed by the subject of the biometric identifier or biometric information…" 740 ILCS 14/15(b) (emphasis added).

78.     Each Defendant fails to comply with these BIPA mandates.

79.     Defendant Thermoflex is a Delaware corporation registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

80.     Defendant TempsNow is a Delaware corporation registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10

81.     Plaintiff and the Class are individuals who have had their "biometric identifiers" collected by each Defendant (in the form of their handprints), as explained in detail in Sections II and III, *supra*. *See* 740 ILCS § 14/10.

82.     Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.



* 5 0 0 2 8 4 5 2 *

83. Each Defendant systematically and automatically collected, used, and stored Plaintiff's biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS 14/15(b)(3).

84. No Defendant informed Plaintiff and the Class in writing that their biometric identifiers and/or biometric information were being collected, stored and used, nor did any Defendant inform Plaintiff in writing of the specific purpose and length of term for which her biometric identifiers and/or biometric information were being collected, stored, and used as required by 740 ILCS 14/15(b)(1)-(2).

85. By collecting, storing, and using Plaintiff's and the Class's biometric identifiers and biometric information as described herein, each Defendant violated Plaintiff's and the Class's rights to privacy in their biometric identifiers or biometric information as set forth in BIPA. *See* 740 ILCS 14/1, *et seq.*

86. On behalf of himself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendants to comply with BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages $5,000 for each willful and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).



* 5 0 0 2 8 4 5 2 *

## THIRD CAUSE OF ACTION
### Violation of 740 ILCS § 14/15(d): Disclosure of Biometric Identifiers and Information Before Obtaining Consent

87.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

88.     BIPA prohibits private entities from disclosing a person's or customer's biometric identifier or biometric information without first obtaining consent for that disclosure. *See* 740 ILCS 14/15(d)(1).

89.     Each Defendant fails to comply with this BIPA mandate.

90.     Defendant Thermoflex is a Delaware corporation registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

91.     Defendant TempsNow is a Delaware corporation registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10

92.     Plaintiff and the Class are individuals who have had their "biometric identifiers" collected by each Defendant (in the form of their handprints), as explained in detail in Sections II and III, *supra*. *See* 740 ILCS § 14/10.

93.     Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

94.     Each Defendant systematically and automatically disclosed, redisclosed, or otherwise disseminated Plaintiff's biometric identifiers and/or biometric information without first obtaining the consent required by 740 ILCS 14/15(d)(1).

95.     By disclosing, redisclosing, or otherwise disseminating Plaintiff's and the Class's biometric identifiers and biometric information as described herein, each Defendant violated Plaintiff's and the Class's rights to privacy in their biometric identifiers or biometric information as set forth in BIPA. *See* 740 ILCS 14/1, *et seq.*



96. On behalf of himself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendants to comply with BIPA's requirements for the collection, storage, use and dissemination of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for <u>each</u> reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for <u>each</u> negligent violation of BIPA pursuant to 740 ILCS § 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3).

## PRAYER FOR RELIEF

Wherefore, Plaintiff Gregory Gates respectfully requests that this Court enter an Order:

A. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff Gregory Gates as Class Representative, and appointing Stephan Zouras, LLP, as Class Counsel;

B. Declaring that Defendant's actions, as set forth above, violate BIPA;

C. Awarding statutory damages of $5,000 for *each* reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for *each* negligent violation of BIPA pursuant to 740 ILCS § 14/20(1);

D. Declaring that each Defendant's actions, as set forth above, were intentional or reckless;

E. Awarding injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class, including an Order requiring Defendants to collect, store, use and disseminate biometric identifiers and/or biometric information in compliance with BIPA;

F. Awarding Plaintiff and the Class their reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3);

G. Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and,

H. Awarding such other and further relief as equity and justice may require.



\* 5 0 0 2 8 4 5 2 \*

Date:   July 27, 2020                    Respectfully Submitted,

*/s/ Haley R. Jenkins*
Ryan F. Stephan (ARDC #6273101)
James B. Zouras (ARDC #6230596)
Haley R. Jenkins (ARDC #6324112)
**STEPHAN ZOURAS, LLP**
100 N. Riverside Plaza
Suite 2150
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
rstephan@stephanzouras.com
jzouras@stephanzouras.com
hjenkins@stephanzouras.com
Firm ID: 43734

**ATTORNEYS FOR PLAINTIFF**



\* 5 0 0 2 8 4 5 2 \*

## **CERTIFICATE OF SERVICE**

I, the attorney, hereby certify that on July 27, 2020, I electronically filed the attached with the Clerk of the Court using the electronic filing system which will send such filing to all attorneys of record.

*/s/ Haley R. Jenkins*