IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITIZENS INSURANCE COMPANY of AMERICA, and HANOVER INSURANCE COMPANY, | No. 20-cv-05980 |
| Plaintiffs and Counter Defendants, | Judge John F. Kness |
| v. | |
| THERMOFLEX WAUKEGAN, LLC, | |
| Defendant and Counter Plaintiff, | |
| v. | |
| GREGORY GATES, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs' renewed motion for reconsideration (Dkt. 85). As explained below, the Seventh Circuit has issued precedent that is contrary to this Court's earlier ruling (Dkt. 51, 52) on the parties' respective motions for judgment on the pleadings. In view of that development, the Court grants Plaintiffs' renewed motion for reconsideration (Dkt. 85) and motion for partial summary judgment (Dkt. 86) on Defendants' breach of contract claims.

I. **BACKGROUND**

Plaintiffs Citizens Insurance Company of America and Hanover Insurance Company (collectively, "Insurers") filed this action in October 2020 seeking a

declaratory judgment that they owe no duty to defend or indemnify Defendant Thermoflex Waukegan, LLC ("Thermoflex") in an underlying putative class action (the Gates lawsuit) alleging violations of the Illinois Biometric Information Privacy Act ("BIPA"). (Dkt. 1.)

The primary policy at issue is a commercial general liability policy issued by Citizens, and Hanover issued a follow-form excess and umbrella liability policy (together, the "Policies"). (Dkt. 19 ¶¶ 10–14.) Shortly after Thermoflex tendered the Gates lawsuit, the Insurers notified Thermoflex that they were declining to provide a defense. (*Id.* ¶ 58.) The Insurers then filed this declaratory judgment action to resolve the coverage dispute. (Dkt. 1.) Thermoflex filed counterclaims for declaratory relief and breach of contract, asserting that the Insurers wrongfully refused to defend the BIPA class action in breach of their insurance policies. (Dkt. 11.)

In March 2022, this Court issued a Memorandum Opinion and Order granting judgment on the pleadings in favor of Thermoflex on the duty to defend. (Dkt. 52.) The Court found that the underlying BIPA allegations were at least "arguably" within the Policies' personal and advertising injury coverage and that "none of the exceptions in the Policies unambiguously preclude[] coverage". (*Id.* at 2.) In particular, the Court determined that the "Access or Disclosure" exclusion[1] was ambiguous and therefore

---

[1] The policy states that coverage does not apply to:

> 'Personal and advertising injury' arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.

(Dkt. 18 ¶ 42.)

2

could not be applied to bar coverage for the BIPA claims. (*Id.* at 16–18.) The Court entered declaratory judgment that the Insurers were obligated to defend Thermoflex in the Gates lawsuit and dismissed the Insurers' counterclaims concerning indemnification as unripe. (*Id.* at 2–3.)

Following the March 2022 ruling, the parties proceeded with discovery and eventually filed cross-motions for summary judgment on the remaining breach of contract claims. (Dkt. 58; Dkt. 61.) While those motions were pending, the Insurers sought reconsideration of the duty-to-defend ruling. (Dkt. 70.) Shortly thereafter, the Seventh Circuit issued a decision in *Thermoflex Waukegan, LLC v. Mitsui Sumitomo Ins. USA, Inc.*, 102 F.4th 438 (7th Cir. 2024) ("*Mitsui*"). That case—involving the same insured (Thermoflex), the same underlying BIPA lawsuit, and identical policy language—addressed whether an Access or Disclosure of Confidential or Personal Information exclusion bars coverage for BIPA claims. *Id.* at 440.

In *Mitsui*, the Seventh Circuit held that the exclusion unambiguously applies to biometric information and therefore precludes the insurer's duty to defend or indemnify the BIPA class action. In the light of this significant change in controlling law, this Court set a schedule for renewed briefing. (Dkt. 84.) The Insurers withdrew their initial reconsideration motion and, by October 2024, filed the present Renewed Motion for Reconsideration based solely on the Access or Disclosure exclusion and the Seventh Circuit's intervening decision. (Dkt. 85.) The Insurers also filed a Renewed Motion for Partial Summary Judgment on Thermoflex's breach of contract counterclaims (Counts III and IV). (Dkt. 86.) Both motions are now before the Court.

3

## II. STANDARDS OF REVIEW

**Motion for Reconsideration (Interlocutory Order):** Because the duty-to-defend ruling adjudicated fewer than all claims and did not result in a final judgment, it is considered an interlocutory order subject to revision at any time before final judgment. *See* Fed. R. Civ. P. 54(b); *see also Galvan v. Norberg*, 678 F.3d 581, 587 (7th Cir. 2012). Under Rule 54(b), a court may exercise its inherent authority to reconsider an earlier ruling in the face of new evidence or a change in the controlling law. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571–72 (7th Cir. 2006). Reconsideration is appropriate to correct manifest errors of law or fact, or to account for significant developments such as an intervening change in governing law. *Janusz v. City of Chi.*, 78 F. Supp. 3d 782, 787 (N.D. Ill. 2015), aff'd, 832 F.3d 770 (7th Cir. 2016).

**Summary Judgment:** Summary judgment is warranted only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Jewett v. Anders*, 521 F.3d 818, 821 (7th Cir. 2008) (quoting *Magin v. Monsanto Co.*, 420 F.3d 679, 686 (7th Cir. 2005)); *see also* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322−23 (1986). Rule 56(c) of the Federal Rules of Civil Procedure "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden

of proof at trial." *Celotex Corp.*, 477 U.S. at 322. All facts, and any inferences to be drawn from them, must be viewed in the light most favorable to the non-moving party. *See Scott v. Harris*, 550 U.S. 372, 378 (2007). Summary judgment requires a "non-moving party to respond to the moving party's properly supported motion by identifying specific, admissible evidence showing that there is a genuine dispute of material fact for trial." *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 568 (7th Cir. 2017) (quotations omitted).

**Insurance Contract Interpretation and Duty to Defend:** Under Illinois law, courts give policy terms their plain meaning and enforce unambiguous provisions as written, while construing ambiguities in favor of the insured, *Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 154 Ill. 2d 90, 108–09 (1992). The duty to defend is broad and arises if the complaint's allegations potentially fall within coverage, which triggers a defense of the entire suit even when only one theory is potentially covered. *U.S. Fid. & Guar. Co. v. Wilkin Insulation Co.*, 144 Ill. 2d 64, 73–74 (1991). The duty to defend is broader than the duty to indemnify, *Gen. Agents Ins. Co. of Am. v. Midwest Sporting Goods Co.*, 215 Ill. 2d 146, 155 (2005). A clear and unambiguous exclusion can negate the duty to defend, and the insurer bears the burden to show an exclusion applies, with any uncertainty resolved in favor of coverage. *Employers Ins. of Wausau v. Ehlco Liquidating Tr.*, 186 Ill. 2d 127, 153–54, 708 N.E.2d 1122, 1136–37 (1999).

## III. DISCUSSION

### A. Duty to Defend and the Access or Disclosure Exclusion

The Citizens' primary policy obligates the insurer to defend Thermoflex against suits seeking damages for "personal and advertising injury," which includes injuries arising out of publication of material that violates a person's right of privacy. (Dkt. 19 ¶¶ 13–15.) The underlying Gates lawsuit alleges that Thermoflex required employees to scan their handprints for timekeeping and, by "unlawfully collecting, storing, disseminating, and using" their biometric identifiers without consent, violated those employees' privacy rights under BIPA. (Dkt. 18-3 ¶¶ 2, 10, 32-34, 43.) It is undisputed such alleged biometric privacy violations fall within the Policies' coverage for personal injury (*e.g.*, "publication of material that violates a person's right of privacy"), thereby triggering the Insurers' duty to defend absent an exclusion. (Dkt. 19 ¶¶ 15, 18.)

At that time, the Insurers invoked three exclusions, and the Court found none clearly applicable. (Dkt. 52 at 8–18.) The Access or Disclosure exclusion bars claims arising out of access to or disclosure of confidential or personal information, including financial data, credit card data, health information, or any other type of nonpublic information. (*Id.* at 15.) In March 2022, the Court held that the exclusion did not unambiguously reach the BIPA allegations. (*Id.* at 18.) Applying *noscitur a sociis*, the Court noted the example list mixed public and nonpublic items, including patents, which suggested uncertainty about the scope of confidential or personal information.

6

(*Id.*) Given that ambiguity, the Court declined to apply the exclusion and held the Insurers owed a duty to defend. (*Id.*)

Since that ruling, the legal landscape has changed diametrically. In *Mitsui*, the Seventh Circuit confronted the identical Access or Disclosure exclusion in the context of the same Thermoflex BIPA litigation. 102 F.4th at 440. As the Seventh Circuit unequivocally explained, the exclusion unambiguously applies to BIPA claims and bars coverage for such claims, and the court rejected the argument that the inclusion of the word "patents" in the list of examples created ambiguity. *Id.* at 441

*Mitsui* is directly on point and binds this Court. It involved the same insured, the same underlying allegations, and the same policy language at issue here. (Dkt. 18-3 ¶¶ 2, 10, 32-34, 43.) Illinois law enforces unambiguous policy language as written, and the Seventh Circuit found nothing ambiguous about applying this exclusion to alleged BIPA violations. *Mitsui*, 102 F.4th at 440–41. This Court is therefore obligated to follow *Mitsui*'s interpretation of Illinois law on the Access or Disclosure exclusion.

In the light of *Mitsui*, the Court finds that its previous duty-to-defend ruling was based on what is now clarified to be an incorrect view of the policy language. This constitutes a significant change in controlling law, warranting reconsideration under Rule 54(b). Applying *Mitsui*'s holding to an essentially identical record here, the Court holds that the Access or Disclosure exclusion unambiguously precludes coverage for the BIPA claims in the Gates lawsuit. Because this exclusion applies, the BIPA lawsuit is not even potentially within the Policies' coverage. The Insurers

7

therefore owe no duty to defend Thermoflex in that underlying action, and by corollary, have no obligation to indemnify Thermoflex for any liability there.

To the extent it found a duty to defend, the Court's March 1, 2022 opinion must be vacated in part and revised to conform to *Mitsui*. The Insurers' Renewed Motion for Reconsideration is therefore granted, and judgment on the pleadings is warranted for the Insurers on the coverage counts of the complaint and counterclaim in the light of *Mitsui*.

**B.     Breach of Contract Claims (Counts III and IV of Counterclaim)**

Counts III and IV of Thermoflex's Amended Counterclaim allege that Citizens and Hanover, respectively, breached the insurance contract by refusing to provide a defense in the underlying BIPA lawsuit. Thermoflex seeks to recover the defense costs it incurred and other damages allegedly resulting from the Insurers' failure to defend. The Insurers have moved for summary judgment on these breach of contract claims. For the following reasons, the Insurers are entitled to judgment as a matter of law on both counts.

As an initial matter, the analysis above extinguishes the premise of Thermoflex's breach claims. A breach of contract claim under Illinois law requires, among other elements, the existence of a contractual duty and a failure to perform that duty. *Citizens Ins. Co. of Am. v. Mullins Food Prods., Inc.*, 684 F. Supp. 3d 762, 782 (N.D. Ill. 2023) (where the court finds no duty to defend, there is no breach of contract); *Santa's Best Craft, LLC v. St. Paul Fire & Marine Ins. Co.*, 611 F.3d 339, 349–50 (7th Cir. 2010) (same). As explained above, the Insurers owed Thermoflex no

duty to defend in the BIPA suit. As such, and because Thermoflex cannot prove an essential element of its breach of contract claims, the Insurers' refusal to undertake Thermoflex's defense cannot constitute a breach of contract. Accordingly, the Insurers are entitled to summary judgment on Thermoflex's breach of contract claims in Counts III and IV.

## IV.  CONCLUSION

Plaintiffs' renewed motion for reconsideration (Dkt. 85) and partial summary judgment (Dkt. 86) are granted.

SO ORDERED in No. 20-cv-05980.

Date: September 29, 2025

                                            JOHN F. KNESS
                                            United States District Judge